Nick Alfred **AGUILAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–81–0655–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1983.

Terrence Gaiser, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

A jury found the appellant guilty of possession of heroin, and upon finding that two enhancement paragraphs were true, the Court assessed a mandatory life sentence.

In two grounds of error the appellant contends that he was compelled to proceed to trial without counsel and that the record fails to show his voluntary, knowing and intelligent waiver of right to counsel.

The record reflects that at a pre-trial hearing the appellant's court-appointed counsel filed a motion to withdraw from the case, and that appellant confirmed to the court that irreconcilable differences existed between himself and his appointed counsel regarding the manner of his representation. At this hearing appellant initially stated to the court that if he could not have a lawyer appointed who would agree with him on the way the case should be defended, he would rather represent himself. However, after further discussion with the trial judge, the appellant stated that he wished to represent himself and that he did not want a lawyer. The trial judge then announced that he would permit the appellant to represent himself in the case, and that he would have the appointed counsel stand by at the trial and be available to the appellant for consultation and advice. The trial, which commenced five days later, was conducted in that manner.

The appellant concedes that the trial court adequately warned him of the dangers and disadvantages of self-representation, and that the trial court's admonishments were properly given in compliance with the standards of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Where an accused is not satisfied with appointed counsel and cannot show adequate cause for the appointment of different counsel, the trial court should, in the absence of the accused's voluntary and intelligent waiver of counsel, require that he accept appointed counsel and not permit him to represent himself merely because of such dissatisfaction. *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr.App.1977). However, an accused does not have the right to have his own choice of appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reason for the appointment of new counsel, he must accept the counsel appointed by the court. *Faretta v. California, supra; Thomas v. State, supra; Privett v. State*, 635 S.W.2d 746 (Tex.App.—Houston [1st Dist.] 1982 pet. ref'd.)

A consideration of the record in its entirety shows that appellant voluntarily decided to represent himself after it became apparent that he would not be permitted to have counsel appointed who would agree to present a defense according to his direction. Although the appellant made statements during the course of the proceeding which indicated his doubt about his ability to represent himself, he never made any request to the trial court for the appointment of new counsel to represent him. Appellant's stated purpose in having the court appoint counsel who would follow appellant's defense strategy, regardless of counsel's own views, does not constitute an "adequate"

reason for the appointment of new counsel. *See, Faretta v. California, supra,* and other authorities cited.

The trial court's judgment is affirmed.