Hon. Jerry WOODARD, Presiding Judge, 205th District Court of El Paso County, Relator,

v.

THE EIGHTH COURT OF APPEALS, Respondent.

No. 73,133.

Court of Criminal Appeals of Texas, En Banc.

Aug. 21, 1998.

Richard Barajas, Judge, 8th Court of Appeals, El Paso, for appellant.

Jerry Woodard, Judge, 205th District Court, Relator, El Paso, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

PER CURIAM.

This is an original action seeking a writ of mandamus against the Eighth Court of Appeals. State district judge Jerry Woodard maintains the court of appeals clearly abused its discretion by conditionally granting mandamus relief against him in a pending capital murder prosecution. *In re Castillo*, No. 08–97–00479–CR, 1998 WL 197656, opinion vacated and withdrawn on August 21, 1998, (Tex.App.—El Paso, April 23, 1998).

Richard Castillo has been indicted by an El Paso County grand jury for the offense of capital murder. Judge Woodard has been assigned to preside over the trial. Castillo has filed numerous motions seeking the recusal of Judge Woodard.

On October 22, 1997, Judge Woodard denied Castillo's fourth amended motion to recuse. He did not forward the matter to the presiding judge of the Sixth Administrative Judicial District. See Tex.R.Civ.P. 18a(d).

The court of appeals conditionally granted mandamus relief. It found Judge Woodard violated a ministerial duty by failing to refer the recusal matter and Castillo had no adequate remedy at law in which to complain of the violation. *Castillo*, No. 08–97–00479–CR, 1998 WL 197656 at *5.

It is a clear abuse of discretion for a court of appeals to grant mandamus relief to an aggrieved party with an adequate remedy at law. See *Alvarez v. Eighth Court of Appeals*, 977 S.W.2d 590 (Tex.Cr.App.1998) and *Ater and Lewis v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex.Cr.App.1991). A court of appeals should not grant mandamus relief to the complaining party on a recusal motion under Tex.R.Civ.P. 18a because the party has an adequate remedy at law by way of an appeal from the final judgment. *In re*

*Union Pacific Resources Company*, 969 S.W.2d 427 (Tex.1998)

In the instant cause the court of appeals clearly abused its discretion by granting mandamus relief against Judge Woodard. In the event Castillo is convicted and appeals, he will have an adequate remedy at law by way of a point of error on appeal complaining of Judge Woodard's action on the fourth amended motion to recuse.

Judge Woodard is entitled to the relief which he seeks. We conditionally grant a writ of mandamus and direct the court of appeals to vacate and withdraw its opinion granting mandamus relief. The writ of mandamus from this Court will issue if the court of appeals fails to comply with this Court's directive.

BAIRD and HOLLAND, JJ., not participating.

OVERSTREET, Judge, dissenting.

The court of appeals conditionally granted mandamus relief against relator, ordering him to either recuse himself from the underlying capital murder proceeding, or in the alternative, to immediately request the presiding judge of the administrative district to hear the pending motion to recuse. Relator claims that the court of appeals abused its discretion in doing so. This Court agrees and directs the court of appeals to vacate and withdraw its opinion granting mandamus relief. Because I agree with the court of appeals' decision, I dissent to this Court's directive against the court of appeals.

Relator clearly violated a ministerial duty by failing to either recuse himself or refer the recusal matter to the presiding judge of the administrative district per Tex.R.Civ.Pro. 18a, which applies to criminal cases. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Cr.App.1993). Rule 18a explicitly states that upon the timely filing of a proper recusal motion, "Prior to any further proceedings in the case, the judge *shall* either recuse himself or request the

presiding judge of the administrative judicial district to assign a judge to hear such motion." [Emphasis added.] That provision leaves the trial judge no discretion—he *shall* either recuse himself or request the presiding judge to assign a judge to hear the motion. In this case, relator did not do so with respect to the last motion to recuse, but rather relator himself denied the motion without forwarding the matter to the presiding judge which is in direct contravention of Rule 18a.

This Court states that the defendant, if he is convicted and appeals, will have an adequate remedy at law via a point of error on appeal complaining of relator's action on the last motion to recuse. Such a future "remedy" does not seem at all adequate to me. Requiring a defendant to go to trial without having his recusal motion ruled upon in compliance with Rule 18a is patently unfair, as well as inefficient and wasteful of judicial resources. Going to trial, being convicted, and being assessed a death or life sentence as a prerequisite to complaining about and seeking to get a ruling on a motion to recuse the trial judge in compliance with Rule 18a is hardly an adequate procedure. In some situations, the normal appellate process simply does not provide an adequate remedy. *State ex rel. Holmes v. Court of Appeals*, 885 S.W.2d 389, 394 (Tex.Cr.App.1994). Sometimes a remedy at law that exists may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate. *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex.Cr.App.1987). As in *Stearnes v. Clinton*, 780 S.W.2d 216, 225 (Tex.Cr.App. 1989), where the trial judge erroneously removed the defendant's appointed counsel, the remedy of appeal is simply inappropriate. It is too uncertain, slow, and ineffective as an after-the-fact "remedy" when the trial has already concluded under the supervision of a trial judge tainted by a motion to recuse that he himself denies.

The court of appeals' response to our June 10, 1998 order indicates that the dis-

trict attorney's office expressly in writing declined to join relator's motion for rehearing, and refused to join relator's request for mandamus relief from this Court. Its response also notes that both the district attorney and the defendant "have filed a joint motion to dismiss the underlying criminal prosecution." Thus the district attorney seems to recognize the propriety of the court of appeals' decision ordering relator to comply with Rule 18a, and the inadequacy of requiring a full-blown trial, conviction, and sentence to complain about noncompliance with such Rule and to seek enforcement thereof.

Though I certainly sympathize with relator's exasperation with the defendant's filing of multiple recusal motions, Rule 18a must still be complied with, exasperated or not. Because the court of appeals properly concluded that relator violated a ministerial duty and the defendant has no *adequate* remedy at law to complain of such violation, relator's motion should be denied. Because the majority of this Court grants rather than denies relief, I respectfully dissent.