Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-05-00272-CR
IN RE: THOMAS J. VARKONYI,                    )
)AN ORIGINAL PROCEEDING
                                    Relator.                            )
)IN MANDAMUS
)


OPINION ON PETITION FOR WRIT OF MANDAMUS
            Relator Thomas L. Varkonyi asks this Court to issue a writ of mandamus against 
Respondent, the Honorable Luis Aguilar, Judge of the 120th District Court of El Paso County. To
obtain mandamus relief in a criminal matter, the relator must establish that (1) the act sought to be
compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v. Court of Appeals
for Second Supreme Judicial Dist., 727 S.W.2d 542, 548 (Tex.Crim.App. 1987). 
            Relator requests that this Court order Respondent to appoint new counsel to represent him
in the underlying case and order Respondent to act upon Relator’s recusal motion by either recusing
himself or referring the motion to another judge. 
            Mandamus relief is appropriate only where the act sought to be compelled is purely
“ministerial” and where there is no adequate legal remedy. DeLeon v. Aguilar, 127 S.W.3d 1, 5
(Tex.Crim.App. 2004). An act is “ministerial” where the relief sought is “clear and indisputable”
such that its merits are “beyond dispute” with “nothing left to the exercise of discretion or
judgment.” State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003)(orig.
proceeding).
            Based on the record before us, we are unable to conclude that Respondent clearly abused his
discretion or that Relator has no other adequate remedy. The record shows that Respondent
appointed counsel for Relator on March 21, 2005. An accused does not have the right to choose
appointed counsel, and unless he waives his right to counsel and chooses to represent himself, or
shows adequate reasons for the appointment of new counsel, he must accept court-appointed counsel.
Burks v. State, 792 S.W.2d 835, 838 (Tex.App.--Houston [1st Dist.] 1990, pet. ref’d), citing Thomas
v. State, 550 S.W.2d 64 (Tex.Crim.App. 1977); Aguilar v. State, 651 S.W.2d 822, 823 (Tex.App.--
Houston [1st Dist.] 1983, no pet.). A trial judge is under no obligation to search until he finds an
attorney agreeable to the defendant. Malcolm v. State, 628 S.W.2d 790, 791 (Tex.Crim.App. 1982). 
Because Relator has failed to show Respondent had a ministerial duty to appoint other counsel,
mandamus relief is not appropriate. Moreover, if Relator is contending that his appointed counsel
is rendering ineffective assistance, he has an adequate remedy by way of direct appeal. See e.g.,
Bone v. State, 77 S.W.3d 828, 830 (Tex.Crim.App. 2002). 
            With regard to Relator’s recusal motion, the Texas Court of Criminal Appeals has held that
“[w]hen a recusal motion is timely filed, Rule 18a leaves a trial judge with no discretion--the trial
judge must either recuse himself or refer the motion for another judge to decide.” See DeLeon, 127
S.W.3d at 5; Tex.R.Civ.P. 18a(c). However, unless a relator has established a trial judge’s bias as
a matter of law, mandamus relief is not available to the complaining party on a recusal motion under
Rule 18a because the party has an adequate remedy at law by appeal. DeLeon, 127 S.W.3d at 6-7;
Woodard v. Eighth Court of Appeals, 991 S.W.2d 795, 796-97 (Tex.Crim.App. 1998). Relator has
failed to show that Respondent’s bias towards him was established as a matter of law. Since a legal
remedy is available to Relator, mandamus relief is not appropriate. 
            For the reasons stated above, the petition for writ of mandamus is denied. See Tex.R.App.P.
52.8(a). We vacate our August 5, 2005 order granting an emergency stay of the proceedings in the
120th District Court. 


August 31, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)