In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00112-CV


______________________________





IN THE MATTER OF THE MARRIAGE OF


GINA BAGLEY AND MICHAEL F. BAGLEY





 


On Appeal from the County Court at Law


Panola County, Texas


Trial Court No. 2003-075




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Gina Bagley, appellant, filed her notice of appeal November 6, 2006. Bagley has not filed
a docketing statement with this Court, see Tex. R. App. P. 32, nor has she paid a filing fee or made
any claim of indigency. There is nothing in the record to indicate Bagley has made efforts to have
either the clerk's record or reporter's record filed with this Court, and she has not filed a brief. On
January 16, 2007, we contacted Bagley by letter, giving her an opportunity to cure the various
defects, and warning her that, if we did not receive an adequate response within ten days, this appeal
would be subject to dismissal for want of prosecution. See Tex. R. App. P. 42.3(b), (c). 

 We have received no communication from Bagley. Pursuant to Tex. R. App. P. 42.3(b), we
dismiss this appeal for want of prosecution. 


 Jack Carter

 Justice


Date Submitted: February 14, 2007

Date Decided: February 15, 2007



d a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that the trial court had jurisdiction over the case, that there
were no pretrial matters raised and overruled by the trial court, that jury selection was proper, that
the evidence is both legally and factually sufficient, that the court's charge was proper, and that
Anderson received effective assistance of counsel. Counsel's statements are supported by the record.

 Anderson has now filed a pro se response in which he raises issues concerning improper jury
selection and ineffective assistance of counsel.

 Anderson states in his pro se response that, during trial, he requested his counsel to challenge 
for cause a veniremember who was an attorney. That veniremember, according to Anderson, was
the foreman of the jury. However, Anderson gives no reasons why he believed this veniremember
should not have served on the jury, and we find no reason in the record. We note that Anderson's
attorney exercised all ten of his peremptory challenges. There is no evidence in the record that the
veniremember was subject to a challenge for cause. We find no basis for determining that any error
occurred in the selection of the jury.

 Further, Anderson states he requested a different attorney be appointed him before the trial,
but his request was refused; that counsel did not object often enough during trial; and that counsel
called Anderson a "screw up." 

 In the absence of adequate cause for the appointment of new counsel or an effective waiver
of the right to counsel to pursue self-representation, an accused does not have the right to appointed
counsel of choice but must accept counsel assigned by the court. Thomas v. State, 550 S.W.2d 64,
68 (Tex. Crim. App. 1977); Long v. State, 137 S.W.3d 726, 735 (Tex. App.--Waco 2004, pet. ref'd);
see Dunn v. State, 819 S.W.2d 510, 520 (Tex. Crim. App. 1991); Aguilar v. State, 651 S.W.2d 822,
823-24 (Tex. App.--Houston [1st Dist.] 1983, no pet.). There is no error in the trial court's refusal
to appoint different counsel.

 Anderson next states in his pro se response that he received ineffective assistance of counsel.
The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984); see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim.
App. 1986). To be entitled to a new trial because his or her trial counsel was ineffective, an
appellant must show (1) that counsel's performance was so deficient that counsel was not functioning
as acceptable counsel under the Sixth Amendment and (2) that, but for counsel's error, the result of
the proceedings would have been different. See Strickland, 466 U.S. at 687; Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 

 Anderson was tried on an evading arrest charge. At trial, a videotape showing the chase was
introduced into evidence and played for the jury. This tape showed a twenty- to twenty-five-minute
high-speed chase over rain-slick and curvy roads, with Anderson driving left of center several times,
and with other vehicles on the road. 

 Although Anderson pled not guilty, there was no contest to the charge. At the punishment
phase, he testified and admitted that he was driving, that his flight was hazardous to people around
him, and that he could have killed someone. From the record, trial counsel's strategy appears to have
been to have Anderson plead not guilty, while making it clear to the jury that the real issue was
whether the vehicle was used as a deadly weapon. Under the circumstances, this could be considered
sound trial strategy. As to Anderson's complaint that he was characterized as "a screw-up," the
record shows that trial counsel argued to the jury at punishment that Anderson deserved a second
chance and a lesser punishment because he was simply "a screw-up," not the dangerous criminal that
the State argued he was. Trial counsel also had family members testify at the punishment phase,
including two of Anderson's children, in an attempt to mitigate the punishment. The range of
punishment in this case was two to twenty years and a possible $10,000.00 fine. See Tex. Penal
Code Ann. § 12.33 (Vernon 2003). The jury assessed Anderson's punishment at fifteen years'
confinement and a $2,500.00 fine. 

 Further, trial counsel challenged several members of the venire panel. Each challenge for
cause was granted by the trial court. Counsel also made timely objections throughout the trial. 

 Anderson further complains that his attorney did not object to the State's attorney's argument
that, if the jury found that no deadly weapon was used, the maximum punishment was two years'
confinement. This offense is a state-jail felony for which the maximum sentence is two years'
confinement. See Tex. Penal Code Ann. § 38.04(b)(1). So the State's argument was not
inaccurate. To have objected, the defense attorney would need to explain that Anderson could be
subject to an enhanced penalty if the jury (at the later punishment stage) found that he had been
previously convicted of a felony. Counsel may have determined the wiser course of action was to
avoid that explanation rather than make an objection to the State's argument. Therefore, counsel was
not ineffective for failing to object. No ineffective assistance of counsel is shown by the record in
this case.

 We have reviewed the record and find the evidence sufficient to support the conviction. We
agree with counsel there are no arguable points of error in this case. (1)

 We affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: November 15, 2007

Date Decided: November 16, 2007


Do Not Publish



1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Anderson in this case. No
substitute counsel will be appointed. Should Anderson wish to seek further review of this case by
the Texas Court of Criminal Appeals, Anderson must either retain an attorney to file a petition for
discretionary review or Anderson must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.