Affirmed and Memorandum Opinion filed May 22, 2007








Affirmed and Memorandum Opinion filed May 22, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00348-CR

____________

 

EUGENE ANDERSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1050324

 



 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for the felony offense of
possession with intent to deliver a controlled substance, appellant Eugene
Anderson contends the trial court denied him the right to counsel and the right
to represent himself at trial, thereby violating his state and federal
constitutional rights.  We affirm. 








I.  Background

Appellant was indicted for possession with intent to
deliver a controlled substance, namely, heroin, weighing more than one gram and
less than four grams by aggregate weight, including any adulterants and
dilutants. This felony charge was enhanced with two prior felony convictions. 
Appellant entered a plea of Anot guilty@ to the charged
offense. Appellant waived his right to trial by jury and instead opted to have
his case tried to the court. Before the trial commenced, appellant expressed
dissatisfaction with his appointed counsel. The trial judge engaged appellant
and his counsel in a dialogue on the subject, and then the case proceeded to
trial.  At the conclusion of the bench trial, the court found appellant guilty
and also found both the enhancement paragraphs to be true.  The trial court
then sentenced appellant to fifteen years= confinement in
the Texas Department of Criminal Justice, Institutional Division. 

II.  Issues and Analysis

On appeal, appellant
raises two issues in which he contends the trial court violated his state and
federal constitutional rights (1) by not appointing a new lawyer to represent
him at trial and (2) by refusing to allow pro se representation.  For the
reasons explained below, these issues, if not waived, lack merit.    

A.      Did the
trial court deny appellant his right to counsel under the Texas and United
States Constitutions by Aforcing@ him to proceed to
trial with a particular lawyer? 

In his first issue, appellant contends the trial court
denied his right to counsel when it purportedly forced him to proceed with his
court-appointed lawyer.  The State contends appellant has waived his complaint
by inadequate briefing and by failing to preserve error in the trial court.








About three months before trial, on January 9, 2006,
appellant filed a pro se motion, in which he asked the trial court to dismiss
his court-appointed lawyer and to appoint new counsel.  Appellant, however,
never presented this motion to the trial court, nor did the trial court rule on
this motion.  On the day of trial, April 10, 2006, appellant=s counsel informed
the trial court that appellant was dissatisfied with counsel=s representation. 
Additionally, appellant, on the record, expressed his dissatisfaction with
appointed counsel.  The trial court then engaged appellant in a discussion
regarding his counsel=s alleged inadequacies.  Appellant stated
that if he were forced to proceed to trial with his appointed counsel, he would
not receive a fair trial.  Appellant then requested an extension, explaining
that his appointed counsel had failed to pursue a motion for discovery and a
motion to suppress, in addition to failing to subpoena two witnessesCGarland Stewart
and Linda Perry.  The trial court denied the request, noting that a motion for
discovery would have been futile because the court utilizes a standard court
order for discovery, and a motion to suppress could be raised during trial. 
Appellant=s counsel, on his own behalf, stated that the State
had an Aopen file@ policy, that the
facts of this case did not warrant a motion to suppress at this time, and that
he had never heard of one of the witnesses (Stewart) until the day of trial. 
Appellant=s counsel further stated that approximately one week
earlier, he had contacted appellant=s sister, who gave
him phone numbers for Linda Perry. 








In the absence of adequate cause for appointment of new
counsel or an effective waiver of the right to counsel to pursue self‑representation,
an accused does not have the right to appointed counsel of choice but must
accept counsel assigned by the court.  Privett v. State, 635 S.W.2d 746,
749 (Tex. App.CHouston [1st Dist.] 1982, pet. ref=d).  Appellant=s expressed
dissatisfaction with his trial counsel does not rise to the level of adequate
cause for appointment of new counsel.  See Aguilar v. State, 651 S.W.2d
822, 823B24 (Tex. App.CHouston [1st
Dist.] 1983, no pet.) ( stating that A[A]ppellant=s stated purpose
in having the court appoint counsel who would follow appellant=s defense
strategy, regardless of counsel=s own views, does not constitute an >adequate= reason for the
appointment of new counsel.@).  A trial court is not under any duty to
search until it finds an attorney agreeable to the defendant.  Malcom v.
State, 628 S.W.2d 790, 791 (Tex. Crim. App.  1982). Appointment of new
counsel is a matter within the discretion of the trial court.  Solis v.
State, 792 S.W.2d 95, 100 (Tex. Crim. App.  1990).  Moreover, personality
conflicts and disagreements concerning trial strategy are typically not valid
grounds for withdrawal of counsel.  King v. State, 29 S.W.3d 556, 566
(Tex. Crim. App.  2000).   

Appellant did not request or secure a ruling on his
pretrial motion. Moreover, the trial court never made an explicit  ruling on
the request appellant made on the day of trial.  Presuming, for the sake of
argument, that the trial court implicitly denied appellant=s request, we
conclude that denial of appointment of new counsel did not violate appellant=s rights under
either the United States Constitution or the Texas Constitution.  See id.
(concluding that the right to counsel may not be manipulated so as to obstruct
the judicial process or interfere with the administration of justice); Brink
v. State, 78 S.W.3d 478, 483 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (stating that A[I]n the criminal
context, right to counsel of one=s own choice is
neither absolute nor unqualified, but must be balanced against trial court=s need for prompt,
orderly, effective and efficient administration of justice).  On this record,
appellant has not demonstrated good cause for the appointment of new counsel or
that the trial court abused its discretion.  Accordingly, we overrule appellant=s first issue. 

B.      Did the
trial court deny appellant his right to represent himself? 

In a second, interrelated issue, appellant contends the
trial court erred in denying his right of self‑representation in
violation of the United States and Texas Constitutions.[1]  
Appellant contends he was Aforced@ to go to trial
with appointed counsel.








On the day of trial, appellant personally expressed his
dissatisfaction with his appointed counsel and requested new counsel.  In the
discussion that ensued, appellant made the following request for
self-representation:

The Court:                      Okay. What else?

The Defendant:              I would like to know could I get an
extension? 

The Court:                     No, sir. What else? 

The Defendant:              That=s all I have, Your Honor. 

The Court:                     Okay. 

The Defendant:              I can=t haveCI can=tCcan I representCcan I represent myself? 

The Court:                     It=s hundred and seventeen days old,
Mr. Anderson, and your case is set for trial today. 

The Defendant:              Can I represent myself? 

The Court:                     What do you
know about the law? 

The Defendant:              I know enough to represent myself. 

The Court:                     Yes, sir, Mr.
Martin? 

Defense Counsel:                    I would like -- well, Your Honor, I
would like to respond to some of this. 

The Court:                     Go right ahead,
please. 

. . .     

The Court:                     Mr. Anderson, you tell me that you
want to represent yourself and that C let me just say this: That is never a good idea.  Never. I
have never seen that turn out well for any defendant that wanted to do that. 








Because you are complaining about Mr. Martin as your lawyer, let me
tell you that he=s one of the best lawyers in the
building, and if you want to represent yourself, you have to waive the right to
effective representation before I am going to let you do that, which means you
cannot complain about anything you do and I have to hold you to same standards
as I would somebody that has gone to law school, graduated law school, taken
and passed the Bar exam and is an experienced criminal practitioner. It never
turns out good. I promise. 

The Defendant:              WellCwell, excuse me, Your Honor, but
with all due respect, I don=t have much charge of neither my self-representation or my attorney
here that=s been appointed, which I don=t feel like I can get effective
representation from Mr. Martin which has been B 

The Court:                     Besides these two witnesses that
you want to have here and these motions that we just talked about, what else
has he not done?

The Defendant:              Well, you know, he
told me that, you know, he wasn=t going to file any motions, that he was going to file what he felt. 

The Court:                     Because he is a
lawyer and he knows whether there is an issue or not. 

The Defendant:              But I am saying, Your Honor, this
is my life that I am fighting for and I am not, you know, in no position to go
to trial without any kind of type of motions on my behalf. 

The Court:                     And I said that
if there is a motion to suppress issue that is involved in this case, he can
make it orally during the course of the trial. 

The Defendant:              I don=t get a pretrial before trial? 

The Court:                     No, sir. No,
sir. You are not entitled to that under the law. And that=s why I say it never turns out well
when somebody wants to represent themselves.  I wouldn=t represent myself. 

The Defendant:              Well, it=s going to be the same thing if I
go to trial with him. I am still going to get railroaded. 








The Court:                     Okay.  What
else besides these two witnesses? 

The Defendant:              That=s all I have at this moment, Your
Honor. 

The Court:                     Okay. I can
make arrangements to have these witnesses contacted. I will have the process
server contact them. 

What else? 

The Defendant:              That=s all I have at this time. 

The Court:                     All right. Thank you, sir. Have a
seat. 

 

(Emphasis
added.) Appellant argues that he asserted his right of self‑representation
timely, clearly, and unequivocally and that the trial court=s denial of his
request violated his constitutional rights. 








The Sixth and Fourteenth Amendments to the United States
Constitution guarantee that a person brought to trial in any state or federal
court has the right to self‑representation. See Faretta v. California,
422 U.S. 806, 819B20, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Moore
v. State, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999).  The right to self‑representation
does not attach, however, until it has been clearly and unequivocally
asserted.  See Ex parte Winton, 837 S.W.2d 134, 135 (Tex. Crim. App.
1992).  Moreover, this right must be asserted in a timely manner.  See
McDuff v. State, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997).  Once the
right has been asserted, the trial judge is obliged to make the accused aware
of the consequences of self‑representation. See Faretta, 422 U.S.
at 835; Winton, 837 S.W.2d at 135.  Thereafter, if the accused maintains
his desire to proceed pro se, he should be allowed to do so as long as the
assertion of his right to self‑representation is unconditional and not
asserted to disrupt or delay the proceedings.  See Winton, 837 S.W.2d at
135.   However, a defendant who initially asserts his right to appear
pro se, but later abandons the right by inviting participation by counsel,
waives his right to represent himself.  See McKaskle v. Wiggins, 465
U.S. 168, 182, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984) (AA defendant can
waive his Faretta rights@); Funderburg v. State, 717 S.W.2d
637, 642 (Tex. Crim. App. 1986).  The record must adequately reflect that a
defendant waived his right to self‑representation after asserting it, but
proof of waiver of self‑representation is not subject to as stringent a
standard as proof of waiver of the right to counsel.  Funderburg, 717
S.W.2d at 642.  A record sufficiently demonstrates that a defendant waived his
right to proceed pro se if it reasonably appears to the court that the
defendant abandoned his initial request to represent himself.  Id.  Mere
acquiescence to a trial court=s unmistakable denial of his request to
represent himself is not a waiver of a defendant=s right to self‑representation. 
Id.  

We presume, without deciding, that on the day of trial,
appellant clearly and unequivocally asserted his right to represent himself.  
However, the trial court engaged appellant in a dialogue on the subject, and
generally warned him of the risks and danger of representing himself.  The
trial court then explored appellant=s complaints about
his lawyer and addressed appellant=s concerns about
the alleged failure to secure witnesses and file motions.  The court explained
that if appellant were to represent himself, he would be held to the same
standards as an experienced criminal lawyer.  After this discussion, appellant
continued to assert that he needed more time, and wanted to file some Amotions@ and have a Apretrial.@ After the trial
court stated that it would have the process server contact the two witnesses
appellant wished to have appear at his trial and would consider any suppression
motion during trial, appellant did not mention self-representation again, but
instead stated, AThat=s all I have at
this time.@  








The record does not reflect that the trial court
unmistakably denied appellant=s request to represent himself or that
appellant merely acquiesced to such a denial by the trial court.  Rather, the
record reflects that, after the trial court addressed some of the perils of
self-representation and addressed the complaints appellant had regarding his
appointed counsel, appellant told the trial court he had nothing further to say
at that time.  Under these circumstances, we conclude that, even if appellant
clearly and unequivocally asserted his right to represent himself, he later
abandoned that request.  See id. at 642 (concluding that a record
sufficiently demonstrates that appellant abandoned his request to represent
himself); Carroll v. State, 176 S.W.3d 249, 254B55 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (concluding appellant abandoned his
request to proceed pro se after raising it).  Accordingly, we overrule
appellant=s second issue.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed May 22, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b). 

 

 

 

 









[1]  Although appellant asserted his state constitutional
claim in a separate point of error, he has provided no separate argument or
authority to support this claim.  Briefs asserting state constitutional rights
are inadequate if they fail to provide separate and specific argument and
authority to support the contention.  Aldrich v. State, 928 S.W.2d 558,
559 (Tex. Crim. App. 1996).  Because appellant offers no such argument or
authority to support his state constitutional claim, it is inadequately briefed
and presents nothing for review.  See id.  Thus, appellant=s state constitutional claim is waived.