

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00140-CR

_____

IN RE: BRIAN K. MELTON

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

Pursuant to a plea agreement, Brian K. Melton pled guilty July 5, 2001, to two charges of burglary of a habitation in two separate cause numbers. One of those burglaries was alleged to have been committed January 24, 2001, and the other March 27, 2001.[1] Pursuant to that agreement, Melton was to be ordered to serve twenty years' imprisonment on each charge, the sentences were to run concurrently, and he was to receive 258 days' credit for time already served. Melton filed no appeal. It is the part of the order regarding credit for time served that caused problems in Melton's cases. In January 2003, the trial court entered nunc pro tunc judgments of conviction in each of those cases. In those nunc pro tunc judgments, Melton's sentence was reduced to nineteen years, 200 days' confinement, again giving him credit for 258 days' served. Melton now seeks mandamus relief asking this Court to compel the trial court to vacate its January 2003 nunc pro tunc judgments of conviction. For the reasons below, we conditionally grant Melton's petition for writ of mandamus.

## I.    Background

Melton maintains that when he arrived at the prison unit, prison officials computed his projected release date, and apparently, Melton did not agree with those calculations. Melton states that he filed a time-credit dispute resolution form arguing that he was not given the full 258 days of credit that had been ordered by the trial court for him to receive. On April 2, 2012, Melton was provided with the prison's response, which stated, "**You were given time credit back to the date**

---

[1]These burglaries occurred 162 days and 100 days, respectively, before the entry of the judgments.

**of the offense. We cannot give time credit before the date you committed the offense**."[2] The letter also stated, "This concludes the administrative processing of this complaint by the Texas Department of Criminal Justice."

Following the denial of his time-credit complaint, Melton filed an application for a writ of habeas corpus alleging that (1) the State failed to abide by the plea agreement, (2) his sentence was illegal, (3) his plea was involuntary, and (4) he received ineffective assistance of trial counsel. *See generally Ex parte Melton*, Nos. 44,431-02, 44,431-03 (Tex. Crim. App. Feb. 26, 2003) (original proceeding), *available at* http://www.search.txcourts.gov/Case.aspx?cn=WR-44,431-02&coa= coscca *and* http://www.search.txcourts.gov/Case.aspx?cn=WR-44,431-03&coa=coscca. After determining that Melton had alleged facts in his habeas application which, if true, might entitle him to relief, the Texas Court of Criminal Appeals issued an order requiring the trial court to address the issues in Melton's application and then to issue findings of fact and conclusions of law. On January 8, 2003, the trial court issued its findings and conclusions stating, in part, that (1) the 258 days of time credit was, indeed, part of the plea agreement, (2) the 258 days of time credit would result "in a sentence begin date which predates the offense date by 157 days," (3) Melton was entitled to the 157 days' credit, and (4) nunc pro tunc judgments should be entered to effectuate the plea agreement and ensure that Melton received the number of days' credit he was promised at the time of his plea agreement. On that same day, the trial court entered nunc pro

---

[2]Taking into account the offenses and sentence dates from Melton's judgments, if it is assumed he was arrested on the dates of the offenses, he could have served 162 days in jail for the January 24 offense and 100 days for the March 27 offense.

tunc judgments in each case and reduced Melton's sentences from twenty years' imprisonment to nineteen years and 200 days' imprisonment, and also gave Melton the 258 days of time credit.

In June 2010, Melton filed motions for the entry of judgments nunc pro tunc with the trial court in cause numbers 20570 and 20572, asking the trial court to comply with the original plea agreements of July 5, 2001. In sum, Melton asked the trial court to correct the January 8, 2003, nunc pro tunc judgments that it had entered following Melton's case for habeas corpus relief so that they would reflect the original twenty-year sentences with 258 days of time credit, as opposed to the nineteen years and 200 days sentences with 258 days of time credit. On November 15, 2010, Melton filed his first petition for writ of mandamus in this Court asking that we order the trial court to grant his motions seeking entry of nunc pro tunc judgments of conviction in both cases. *See Ex parte Melton*, No. 06-10-00212-CR, 2010 WL 4922917 (Tex. App.—Texarkana Dec. 2, 2010, orig. proceeding) (mem. op., not designated for publication). This Court denied Melton's petition on the basis that he had failed to present any evidence showing that the trial court had disposed of his motions.

On August 7, 2015, Melton filed the current petition for writ of mandamus wherein he maintains that the trial court's January 8, 2003, nunc pro tunc judgments were improper because "what the trial court did on January []8,[th] [sic] 2003 did not correct the error, which was judicial in nature, it only: (1) created a clerical error [and] (2) imposed more sentences un-authorized by law." Pursuant to his mandamus petition, Melton asks this Court to require the trial court to vacate its January 8, 2003, nunc pro tunc judgments of conviction and remand both cases back to the trial court so that all of the original claims in his petition for writ of habeas corpus can be properly

4

addressed. Melton attached several documents to his petition for writ of mandamus, including copies of the original judgments, the trial court's findings of fact and conclusions of law, the trial court's January 8, 2003, judgments nunc pro tunc, and his motions to enter nunc pro tunc judgments. On August 24, 2015, this Court received the trial court's response to Melton's petition stating, in part,

> Now Relator objects to the new judgment allowing for 258 days credit by adjusting the overall length of his sentence from 20 years in prison with 258 days credit to 19 years with 200 days credit[3] – the judgment the court entered in response to the writ of habeas corpus in an attempt to give Relator the full benefit of his plea bargain. The trial court recognizes that a *nunc pro tunc* is authorized to correct clerical errors and not to change the oral pronouncement of sentence rendered.
>
> Regardless of whether the *nunc pro tunc* was the appropriate method of attempting to give Relator the benefit of his initial plea, it is, and remains the trial court's intention to render judgment in a way that allows for the full credit agreed to in the original plea.

## II.  Analysis

It is Melton's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To establish a right to mandamus relief, Melton must show both that (1) there is no adequate remedy at law to address the alleged harm, and (2) the act he seeks to compel is ministerial and not one involving a discretionary or judicial decision. *See In re State*

---

[3]The nunc pro tunc judgments actually show the assessed punishment as "19 years, 200 days TDCJ-ID," with time credit of 258 days.

*ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Melton contends that this Court is in a position to compel the trial court to vacate the 2003 nunc pro tunc judgments because those judgments did not operate solely to remedy clerical errors but, instead, changed the terms of the plea agreements and the original sentences. A judgment nunc pro tunc is the appropriate means by which to make a clerical correction when the court's records do not mirror the judgment that was actually rendered. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1980). Only errors that were not the result of judicial reasoning are considered clerical errors. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). The trial court may not enter a nunc pro tunc judgment to change the court's record to reflect what it believes should have occurred in the original proceeding. *Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986) (per curiam) (citing *Chaney v. State*, 494 S.W.2d 813, 814 n.1 (Tex. Crim. App. 1973)). "[N]unc pro tunc orders may be used only to correct clerical errors in which no judicial reasoning contributed to their entry." *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

In this case, the trial court indicated that it issued the 2003 nunc pro tunc judgments in an attempt to "change[] the applicant's sentence in order to credit him with the time he was entitled to, and to effect the plea agreement." In attempting to do so, the trial court entered judgments that were entirely different than the ones rendered at the time of Melton's guilty pleas. The original judgments of conviction plainly show that Melton was to be imprisoned for a period of twenty years on each charge and given time credit for 258 days on each charge. The nunc pro tunc

6

judgments show that Melton was to serve nineteen years and 200 days' confinement for each offense, with a time credit of 258 days on each sentence.

While we appreciate the trial court's effort to re-fashion the judgments of conviction in Melton's favor, we must conclude that the corrections were judicial (and not merely clerical) in nature. Although following the nunc pro tunc judgments would give Melton a sentence fairly close to what was apparently originally intended, they are not precisely the same and do not simply correct a clerical error. This is not a circumstance involving a typographical clerical change such as correcting a minor misspelling of a party's name or an incorrect date of the entry of a judgment. To the contrary, the nunc pro tunc judgments entered in this case required the trial court to exercise judicial discretion, which resulted in completely modified sentences. A court may only correct a final written judgment that incorrectly stated the judgment actually imposed. In this case, the original judgments of conviction reflected the sentences that were actually imposed, albeit entered in such a fashion that they could not be followed. The nunc pro tunc judgments entered by the trial court on January 8, 2003, do not reflect the sentence actually imposed. A trial court entering a void order has a ministerial duty to vacate the order. *State ex rel. Thomas v. Banner*, 724 S.W.2d 81, 85 (Tex. Crim. App. 1987) (orig. proceeding). Because we conclude that the trial court's nunc pro tunc judgments went beyond merely correcting a clerical error, they are void and should be vacated.

## III.    Conclusion

We conditionally grant the writ of mandamus, directing the trial court to vacate the nunc pro tunc judgments of conviction entered January 8, 2003. We trust that the trial court will

7

promptly take this action, and the writ will issue only in the event that the trial court fails to comply with this opinion.

Bailey C. Moseley
Justice

Date Submitted:     October 6, 2015
Date Decided:      October 7, 2015

Publish