

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00002-CR

_____

MICHAEL DEAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 15F0673-005

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Michael Dean was convicted by a Bowie County jury of theft under $1,500.00 with two prior theft convictions, a state jail felony. *See* Act of May 29, 2011, 82nd Leg., R.S., ch. 1234, § 21, 2011 Gen. Laws 3302, 3311 (amended 2015) (current version at TEX. PENAL CODE § 31.03(e)(4)(D) (West Supp. 2016)). After pleading true to two prior felony convictions, Dean was assessed a punishment of twelve years' imprisonment. In his sole point on appeal, Dean argues that his judgment of conviction contained a typographical error in that it recited that he was convicted of a second degree felony. Dean requests this Court to modify the trial court's judgment to recite that he was convicted of a state jail felony. After Dean filed his brief, the State agreed that the judgment incorrectly recited that Dean was convicted of a second degree felony and that this was a typographical error. The State then submitted a nunc pro tunc judgment to the trial court to correct the error. We have received a supplemental clerk's record containing the trial court's nunc pro tunc judgment[1] correctly reciting that Dean was convicted of a state jail felony.

Appellate courts may not decide a moot controversy. *See Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). "This prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Generally, an appeal becomes moot when there ceases to be a controversy between the

---

[1]"[N]unc pro tunc orders may be used only to correct clerical errors in which no judicial reasoning contributed to their entry." *In re Melton*, 478 S.W.3d 153, 156 (Tex. App.—Texarkana 2015, orig. proceeding) (quoting *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994)). The incorrect recitation of the degree of the offense in a judgment is a clerical error.

litigating parties. *Flores*, 130 S.W.3d 105. Further, "[a] case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties." *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) (per curiam); *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi 1989, pet. ref'd).

The nunc pro tunc judgment provides Dean with all of the relief he has requested in this appeal, and any judgment of this Court cannot have any effect on the rights of the parties. Consequently, we find that Dean's sole issue on appeal is moot.

Therefore, we dismiss this appeal as moot.

Ralph K. Burgess
Justice

Date Submitted:    July 13, 2017
Date Decided:     July 25, 2017

Do Not Publish