

IN THE
TENTH COURT OF APPEALS

No. 10-18-00295-CR

IN RE MARCUS PILKINGTON

Original Proceeding

## MEMORANDUM OPINION

Relator Marcus Pilkington seeks a writ of mandamus compelling the Honorable Matt Johnson, Judge of the 54th District Court of McLennan County, to grant his motion to quash an indictment against him. This is Relator's second request for interlocutory relief. *See Ex parte Pilkington*, 494 S.W.3d 330 (Tex. App.—Waco 2015, no pet.) (orig. proceeding). We deny Relator's petition.

### *Background*

The underlying events are not disputed. Relator was indicted on November 10, 2015 in Cause No. 2015-22288-C2 for engaging in organized criminal activity. Relator's charges arise out of his alleged participation in the shoot-out at the Twin Peaks restaurant in Waco, Texas on May 17, 2015. On May 9, 2018, the grand jury returned a second

indictment against Relator also arising out of the Twin Peaks incident but charging him with a different offense—participating in a riot. The second indictment bears the same cause number as the first—2015-22288-C2—and is entitled "Re-Indictment." Relator filed a motion to quash the reindictment that was denied by the trial court after a hearing. Relator then filed the present petition for writ of mandamus.

*Analysis*

The traditional test for determining whether mandamus relief is appropriate requires a relator to establish the following: "First, he must show that he has no adequate remedy at law to redress his alleged harm. Second, he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Relief will be denied if the relator fails to satisfy either prong. *Id.*

Relator first argues that the trial court failed to perform a ministerial act when he refused to dismiss the reindictment. The ministerial act prong

> is satisfied if the relator can show he has "a *clear* right to the relief sought"—that is to say, "when the facts and circumstances dictate but one rational decision" under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.
>
> While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to "rule a certain way on that motion." By this we mean that mandamus will not lie to "compel the trial court 'to rule a certain way' on an uncertain and unsettled issue the resolution of which involved a fair amount of discretion." In short, it is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the relator has a "clear right to the relief sought," i.e., the law he invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case.

*Id.* (footnoted citations omitted). As Relator seeks a specific ruling, he has not established that the trial court refused to perform a ministerial duty.

Relator also fails to establish that he has a clear right to the relief sought because he has not demonstrated that "the law he invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case." *Id.* Relator argues that the reindictment violates art. 28.10 of the Code of Criminal Procedure which provides, in pertinent part, that an indictment may not be amended over a defendant's objection if the amendment charges the defendant with an additional or different offense. TEX. CODE CRIM. PROC. ANN. art. 28.10(c) (West 2006). Generally, an indictment may be amended under art. 28.10 by motion from the state and with leave of court. *See Id.* art. 28.11 ("All amendments of an indictment or information shall be made with the leave of the court and under its direction."); *see also Riney v. State*, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000). In this case, there was no amendment to the indictment but rather a new indictment returned by the grand jury. Article 28.10 does not supplant the ability of the state to obtain an amended indictment from a grand jury, but rather allows the state to correct technical deficiencies without requiring an additional appearance before the grand jury. *See Rose v. State*, 807 S.W.2d 626, 628-30 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *see also Wisenbaker v. State*, 782 S.W.2d 534, 536 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (characterizing distinctions between amendment and reindictment); *Flournoy v. State*, No. 05-95-01468-CR, 1997 WL 752562, at *4 (Tex. App.—Dallas Dec. 8, 1997, no pet.) (not designated for publication) (article 28.10 not applicable to

reindictment);[1] *Garcia v. State*, No. 05-94-00836-CR, 1995 WL 379589, at *4 (Tex. App.—Dallas May 31, 1995, no pet.) (not designated for publication) (article 28.10 not applicable to reindictment). Relator presents no authority that precludes a grand jury from returning more than one indictment in a single case, although there is some authority that such a circumstance is permissible. S*ee Bryant v. State*, No. 11-04-00104-CR, 2005 WL 1788892, at *2 (Tex. App.—Eastland July 28, 2005, no pet.) (not designated for publication) ("There was no requirement that the re-indictment . . . be given a file number different from the number of the original indictment. . . ."); *see also Stafford v. State*, No. 05-97-01231-CR, 1999 WL 788567, at *4 (Tex. App.—Dallas Oct. 5, 1999, no pet.) (not designated for publication) (reindictment did not replace indictment for double jeopardy purposes). Additionally, the reindictment in this case has all of the requisites of a valid indictment, and Relator has not argued otherwise. *See* TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009). Relator presents nothing that would *require* the trial court to dismiss the reindictment in this case. Relator has failed, therefore, to show that he has a "*clear* right to the relief sought," or that the trial court failed to perform a ministerial duty. *Young*, 236 S.W.3d at 210.

Even assuming that Relator identifies a ministerial duty that the trial court failed to perform, he fails to establish that he has no other legal recourse. "[M]andamus 'is not a substitute for and cannot be used to perform the office of an appeal.'" *State ex rel Healey*

---

[1] Under Rule 47.7(a) of the Rules of Appellate Procedure, unpublished memorandum opinions not designated for publication have no precedential value but may be cited with the notation, "(not designated for publication)." Unpublished memorandum opinions are persuasive rather than binding precedent that the court may follow or reject. *See Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

*v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding). If convicted, Relator may present his objections to the reindictment on appeal. The problems that he asserts he will face if he is forced to wait until after a conviction to appeal are the problems faced by any other defendant when a pre-trial motion is denied. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see also Woodward v. Eighth Court of Appeals*, 991 S.W.2d 795, 797 (Tex. Crim. App. 1998) (orig. proceeding) ("In the event [the defendant] is convicted and appeals, he will have an adequate remedy at law by way of a point of error on appeal complaining of [the trial court's] action. . . .").

Possible appellate review at a later time, however, is not always or automatically an adequate remedy. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (orig. proceeding). A remedy may be considered inadequate if it is "uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective. . . ." *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648 (Tex. Crim. App. 2005) (orig. proceeding) (quoting *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987)). To the extent appeal might be considered inadequate in this case, Relator still has an additional remedy available—he may request the trial court to assign a new cause number to the reindictment, which should resolve all of his objections.

Because Relator has an adequate remedy at law and seeks to compel a discretionary act, we deny his petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurring)
Denied
Opinion delivered and filed November 7, 2018
Do not publish
[OT06]

