

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00087-CR

---

IN RE MICHAEL SAMPSON

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Michael Sampson has filed a pro se petition for a writ of mandamus asking this Court to compel Judge Alfonso Charles of the 124th Judicial District Court of Gregg County, Texas, to grant his "request for assistance of counsel" while allowing him to proceed pro se. We deny Sampson's petition because he has failed to comply with the Texas Rules of Appellate Procedure.

First, under the Texas Rules of Appellate Procedure governing mandamus proceedings, "[t]he person filing the petition must certify that he . . . has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Sampson failed to include in his petition a certification that each of his factual statements was supported by competent evidence included in the appendix or record, as required by Rule 52.3(j). *See id.*

Second, Sampson claims that he "waived representation of counsel but requested the assistance of counsel" and that "[t]he presiding judge, Hon. Alfonso Charles, denied th[e] request." Yet Sampson did not attach any documentation to his petition. Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a "[r]elator must file with the petition . . . a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Also, Rule 52.3(k)(1)(B) states, "The appendix . . . must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P.

2

52.3(k)(1)(B). Sampson has failed to meet the requirements of these rules by neglecting to file any record demonstrating that he requested counsel and that Judge Charles denied his request.

Third, Sampson has the burden to properly request and show his entitlement to mandamus relief. "To obtain mandamus relief, a relator must establish that no other adequate remedy at law is available to redress the alleged harm and that the act he seeks to compel is ministerial, rather than discretionary, in nature." *In re Guerrero*, No. WR-75,456-02, 2025 WL 979103, at *3 (Tex. Crim. App. Apr. 2, 2025) (orig. proceeding). Sampson, a pro se applicant, is not exempt from meeting these requirements. *See In re Melton*, 478 S.W.3d 153, 156 (Tex. App.—Texarkana 2015, orig. proceeding).

A relator satisfies the ministerial-act requirement "if the relator can show she has a clear right to the relief sought—that is, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles." *In re State ex rel. Ogg*, 692 S.W.3d 481, 484 (Tex. Crim. App. 2024) (per curiam) (orig. proceeding) (citing *In re State ex rel. Young*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). "[A] trial court has a ministerial duty to rule upon a properly filed and timely presented motion . . . ." *In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015) (orig. proceeding), *overruled on other grounds by Petetan v. State*, No. AP-77,038, 2017 WL 915530 (Tex. Crim. App. 2017), *vacated in part on reh'g*, 622 S.W.3d 321 (Tex. Crim. App. 2021).

Here, Sampson has not shown that he properly filed or timely presented any motion to the trial court seeking the relief he requests. Because nothing in the record establishes that Sampson properly filed or timely presented his request to the trial court, Sampson has failed to

3

demonstrate that the trial court had a legal duty to perform a ministerial act. Similarly, for lack of a complete record, we are unable to analyze the adequate-remedy-at-law requirement. *See Woodward v. Eighth Ct. of Appeals*, 991 S.W.2d 795, 796 (Tex. Crim. App. 1998) (per curiam) (orig. proceeding) ("A court of appeals should not grant mandamus relief to the complaining party . . . [when] the party has an adequate remedy at law by way of an appeal from the final judgment.").

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)); *see* TEX. R. APP. P. 52.3, 52.7. For the foregoing reasons, we conclude that Sampson has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

We deny Sampson's petition for a writ of mandamus.


Jeff Rambin
Justice

Date Submitted:    May 29, 2025
Date Decided:      May 30, 2025

Do Not Publish

4