

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-26-00068-CV

---

### In re Victor Gonzalez, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator, Victor Gonzalez, has filed a petition for writ of mandamus asking this Court to "issue a writ of mandamus vacating the January 6, 2026 [order denying Gonzalez's motion seeking recusal of the trial court judge] . . . and directing assignment of a different judge to hear and decide recusal issues."[1] Gonzalez also requests that we stay all proceedings in the trial court pending disposition of this mandamus proceeding. We deny the petition, and we dismiss Gonzalez's request to stay the trial court proceedings as moot.

---

[1] According to the unsworn and uncertified documents Gonzalez attached to his mandamus petition, Gonzalez filed a motion to recuse the district court judge assigned to hear his case in the trial court. The judge—who is also the regional presiding judge—timely declined to recuse herself and referred the motion to the Chief Justice of the Supreme Court of Texas. *See* Tex. R. Civ. P. 18a(f)(1)(B), (g)(1), (i). The Chief Justice subsequently denied the recusal motion without a hearing. *See* Tex. R. Civ. P. 18a(g)(3).

As an initial matter, Gonzalez's petition does not comply with the Texas Rules of Appellate Procedure. Specifically, Gonzalez's petition does not include: (1) a table of contents; (2) an index of authorities; or (3) a statement of the case providing "a concise description of the nature of any underlying proceeding," identifying information for the respondent and the court in which the respondent was sitting, and "a concise description of the respondent's action from which the relator seeks relief[.]" Tex. R. App. P. 52.3(c), (d), (e)(1)–(3). Gonzalez also failed to provide any citations to evidence in the appendix or record or to any legal authority in either a statement of facts or the argument section of his petition. *See* Tex. R. App. P. 52.3(h), (i). And, although Gonzalez included an appendix with his petition, the documents in the appendix are neither certified nor sworn.[2] Tex. R. App. P. 52.3(l)(1)(B), 52.7(a)(1); *see Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) ("As the parties seeking relief, [the relators] had the burden of providing this Court with a sufficient record to establish their right to mandamus relief.").

In addition, Gonzalez's petition fails to meet the essential requirements for obtaining mandamus relief. The relator bears the burden of proof and must establish: (1) that the trial court clearly abused its discretion; and (2) that the relator has no adequate remedy by appeal. *See In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding). But, as relevant here, "[a]n order denying a motion to recuse may be reviewed . . . on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A). Gonzalez therefore has an adequate remedy by way of appeal. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428–29 (Tex. 1998) (orig. proceeding) (holding that "[t]he court

---

[2] Gonzalez stated, in his petition, that "[t]he appendix/record contain[s] true and correct copies of relevant filings, orders, transcripts, emails, and docket prints." This language, however, "is insufficient to render those documents sworn copies of those filed in the trial court." *In re Quintana*, No. 02-15-00305-CV, 2015 WL 6395639, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, orig. proceeding) (per curiam) (mem. op.); *see In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding).

of appeals abused its discretion by issuing writ of mandamus when the complaining party has an adequate remedy by appeal," because a complaining party may appeal the denial of a recusal motion in an appeal from a final judgment); *In re Sigmar*, 270 S.W.3d 289, 308 (Tex. App.—Waco 2008, orig. proceeding) ("Because [the relator] has an adequate legal remedy, he is not entitled to mandamus relief in connection with his efforts to have Respondent removed from the case."); *Woodard v. Eighth Ct. of Appeals*, 991 S.W.2d 795, 796 (Tex. Crim. App. 1998) (en banc) ("A court of appeals should not grant mandamus relief to the complaining party on a recusal motion under Tex. R. Civ. P. 18a because the party has an adequate remedy at law by way of an appeal from the final judgment.").

Based on the foregoing, we conclude that Gonzalez is not entitled to relief. *See Union Pac. Res. Co.*, 969 S.W.2d at 428–29; *Sigmar*, 270 S.W.3d at 308; *In re Alvarado*, No. 08-26-00061-CV, 2026 WL 187461, at *2 (Tex. App.—El Paso Jan. 23, 2026, orig. proceeding) (mem. op.); *In re Hernandez*, No. 08-23-00160-CV, 2023 WL 4146281, at *1 (Tex. App.—El Paso June 23, 2023, orig. proceeding) (mem. op.). Accordingly, we DENY Gonzalez's petition for writ of mandamus. We dismiss his request to stay the proceedings in the trial court as moot.

GINA M. PALAFOX, Justice

January 30, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.