**Petition for Writ of Mandamus Denied in part and Dismissed in part, and Memorandum Opinion filed August 13, 2013.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-13-00670-CR**
**NO. 14-13-00671-CR**
**NO. 14-13-00672-CR**

**IN RE ROBERT RANDALL LONG, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1216882, 1235282, & 1273161**

## MEMORANDUM OPINION

Relator Robert Randall Long, a *pro se* inmate, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator has three pending criminal cases in which he is charged with two counts of aggregate theft and theft of property valued between $100,000 and $200,000.

In relator's petition, he asks this court to compel the Honorable Ryan Patrick, presiding judge of the 177th District Court of Harris County, to rule on the following four pending motions: (1) motion to obtain copies of court records; (2) motion to obtain transcript records; (3) motion to order court reporter to transcribe proceedings; and (4) motion for written rulings on all defendant's motions.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

In an earlier proceeding, relator stated that he filed a motion to recuse the respondent on May 8, 2013, and he asked this court to compel the respondent to refrain from ruling on any motions in his pending cases. *See In re Long,* Nos. 14-13-00575-CR, 14-13-00576-CR, 14-13-00577-CR (Tex. App.—Houston [14th Dist.] July 30, 2013, orig. proceeding) (mem. op.) (denying relief based on an insufficient record). The record in this proceeding does not reflect whether relator's motion to recuse the respondent has been resolved.

2

The procedures for recusal of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal cases. *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). Rule 18a provides that when a motion to recuse is filed, "the respondent judge must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record." Tex. R. Civ. P. 18a(f)(2))(A). Therefore, it may be that the respondent properly refused to rule pending resolution of the recusal motion.

In addition, relator does not state whether he is represented by counsel in the court below. A trial court may disregard a *pro se* motion filed by a defendant who is represented by counsel. *See Robinson v. State*, 240 S.W.3d 919, 923 (Tex. Crim. App. 2007).

Relator also complains in this proceeding that he has written to the Harris County District Clerk several times to obtain information and copies of documents, but he has received no response. To the extent that relator may be seeking mandamus relief against the District Clerk, we lack jurisdiction. Our mandamus jurisdiction is limited. By statute, we have authority to issue a writ of mandamus against a judge of a district or county court in our court of appeals district and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't.Code § 22.221. For a district clerk to fall within our jurisdictional reach, relator must establish that the issuance of a writ of mandamus is necessary to enforce our jurisdiction. *See In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding). Issuance of a writ against the District Clerk is not necessary to enforce our jurisdiction under these facts.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, insofar as relator seeks mandamus relief against the

3

respondent judge, we deny it and insofar as relator seeks mandamus relief against the district clerk, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).