**Opinion issued May 5, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00941-CR

———————————

**PATRICK DUNBAR JESSE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1370984**

---

## MEMORANDUM OPINION

Appellant, Patrick Dunbar Jesse, attempts to appeal from an order denying his motion to disqualify or, in the alternative, recuse the trial court judge, the Honorable Susan Brown. We dismiss the appeal.

After refusing to disqualify herself, the trial court judge referred the motion to the regional presiding judge, the Honorable Olen Underwood. *See* TEX. R. CIV. P. 18a. On November 3, 2014, he signed an order denying appellant's motion. On November 5, 2015, appellant filed his notice of an interlocutory appeal from that order.

The right to appeal in a criminal case is a statutorily created right. TEX. CODE CRIM. P. ANN. art. 44.02 (Vernon 2006); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). Generally, a criminal defendant may appeal only from a final judgment. *State v. Sellers*, 790 S.W. 2d 316, 321 n.4 (Tex. Crim. App. 1990). The courts of appeals do not have jurisdiction to review interlocutory orders in a criminal appeal absent express statutory authority. *Apolinar v. State*, 820 S.W.2d, 792, 794 (Tex. Crim. App. 1991); *Means v. State*, 825 S.W.2d 260, 260–61 (Tex. App.—Houston [1st Dist.] 1992, no pet.). Nothing in the language of rule 18a, which sets forth the procedures for recusal of judges in civil and criminal cases, provides a right to an interlocutory appeal from the denial of a motion to recuse. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (stating procedures for recusal of judges set out in rule 18a apply in criminal cases). To the contrary, "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on the final judgment." TEX. R. CIV. PROC. 18a(j)(1); *see Means*, 925

S.W.2d at 261 (dismissing for want of jurisdiction appeal from interlocutory order denying motion for recusal and disqualification).

Citing to this Court's opinion in *Means v. State*, we notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he filed a written response showing how this Court has jurisdiction over this appeal. We also advised appellant that the trial court's certification of appellant's right to appeal indicated that he did not have a right to appeal from the order denying his motion to recuse. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (providing appellate court must dismiss appeal if certification showing that defendant has right of appeal is not made part of record). Appellant responded by filing a motion for leave to make a certification of appellant's right to appeal from the final judgment of conviction a part of the record in this appeal.[1] Appellant's response, however, does not demonstrate that this Court has jurisdiction over his interlocutory appeal of the November 3, 2014 order. *See Chavez v. State*, 183 S.W.3d 675, 678 (Tex. Crim. App. 2006) (citing *White v. State,* 61 S.W.3d 424, 427–28 (Tex. Crim. App. 2001)) (noting rule 25.2 sets outs procedures to invoke appellate court's jurisdiction and recognizing that "Rules of Appellate Procedure do not establish appellate jurisdiction").

---

[1] On February 12, 2015, the trial court signed a judgment of conviction and executed a certification of appellant's right to appeal the judgment. Appellant timely filed a notice of appeal. His appeal of the final judgment is pending in this Court in cause no. 01-15-00181-CR.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).