IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00165-CR

 

In re Janice Rodriguez

 

Original Proceeding

 



O p i n i o n[1]



 

        The petition for
writ of mandamus is denied.  See
De Leon v.
Aguilar, 127 S.W.3d 1, 5 (Tex.
Crim. App. 2004) (orig. proceeding); In
re Rodriguez, No. 10-04-00152-CV, 2004 Tex. 

App. LEXIS 6605 (Tex. App.—Waco July 21, 2004, orig. proceeding) (per curiam).

TOM GRAY

Chief Justice

Before Chief
Justice Gray,

      Justice
Vance, and

      Justice Reyna

      (Justice Vance
dissenting)

Petition denied

Opinion delivered and filed August
 25, 2004

Do not publish

[OT06]











          [1]     There is an apparent conflict in Tex. R. App. P. 47.4.  Because the author of the Dissenting Opinion
has opposed the designation of this Memorandum Opinion as a memorandum opinion
it must be designated as an opinion. “An opinion may not be designated a
memorandum opinion if the author of a concurrence or dissent opposes that
designation.” Tex. R. App. P. 47.4.  The same rule, however, limits what opinions
can be designated non-memorandum opinions:

          An opinion must be designated a
memorandum opinion unless it does any of the following:

          (a)      establishes
a new rule of law, alters or modifies an existing rule, or applies an existing
rule to a novel fact situation likely to recur in future cases;

          (b)     involves
issues of constitutional law or other legal issues important to the
jurisprudence of Texas;

          (c)      criticizes
existing law; or

          (d)     resolves
an apparent conflict of authority.

Id.  This opinion does not do any of those things,
and thus “must” be designated a memorandum opinion.  Id. 
We have, nevertheless, designated it as an opinion because the sentence
of the rule regarding the opposition by the author of a concurrence or dissent
is more specific, and subject to less interpretation, than the later portion of
the same rule above quoted.

          It does, however, remain designated
“do not publish” pursuant to Tex. R. App. P. 47.2(b).  A question remains whether it was the purpose
of the rule to allow the author of a concurrence or dissent to publish the
concurrence or dissent over the contrary vote of the other members of the
panel, and, further, to attach as an appendix to that concurrence or dissent
the opinion designated “do not publish.” 
We choose, in this instance, to leave that issue to the jurisprudential
judgment of the author, but ultimately it will be left to the rule makers to
clarify.