COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







IN RE: JOE HERNANDEZ,


 Relator.
§


 


§


 


§


 


§


 


§





No. 08-09-00146-CR



AN ORIGINAL PROCEEDING

 IN MANDAMUS





MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS



 Joe Hernandez seeks the issuance of a writ of mandamus against the Honorable Kathleen H.
Olivares, Judge of the 205th District Court of El Paso County, Texas, to compel her to enter a
judgment nunc pro tunc awarding Hernandez his full time credit for time served. We conditionally
grant relief.

 On April 7, 2007, Hernandez was convicted of violating a protective order in cause number
20070D000183. His punishment was assessed at a $3,000 fine and imprisonment for ten years,
probated for ten years. On June 13, 2008, the trial court revoked the community supervision order
and assessed punishment at imprisonment for two years. The judgment gives Hernandez time credit
for the following periods: 12/21/2006 to 12/22/2006; 3/14/2008 to 4/3/2008; and 4/28/2008 to
6/13/2008. The plea agreement reflects that Hernandez would plead true and punishment would be
assessed at imprisonment for two years and "CFTS," which the parties agree means "credit for time
served." Hernandez filed a motion for judgment nunc pro tunc seeking to be given credit for the
following time periods: 12/20/2006 to 12/22/2006 and 3/14/2008 to 6/13/2008. Hernandez
supported his motion with documentation showing that he was in jail on these dates. The trial court
denied the motion on the ground that Hernandez and his attorney waived credit as part of the plea
bargain. Hernandez filed a petition seeking mandamus relief to compel the trial court to award him
credit for time served.

 Mandamus relief will be granted only if the relator establishes that the act sought to be
compelled is purely "ministerial" and the relator has not adequate legal remedy. De Leon v. Aguilar,
127 S.W.3d 1, 5 (Tex.Crim.App. 2004)(orig. proceeding). Under the first part of the standard, the
relator must have "a clear right to the relief sought" meaning that the relief sought must be "clear and
indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discretion
or judgment." State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003)(orig.
proceeding), quoting Hill v. Fifth Court of Appeals, 34 S.W.3d 924, 927-28 (Tex.Crim.App.
2001)(orig. proceeding). Mandamus does not lie to correct a trial court's ruling on an "unsettled or
uncertain" question of law. Poe, 98 S.W.3d at 194.

 In all criminal cases, the judge of the convicting court is required to give the defendant credit
on his sentence for the time the defendant has spent in jail in the cause from the time of his arrest
and confinement until the time he is sentenced. Tex.Code Crim.Proc.Ann. art. 42.03, § 2(a)(1)
(Vernon Supp. 2008). The record does not support the trial court's conclusion that the plea bargain
included a waiver of Hernandez's right to time credit in exchange for the two year sentence. 
Moreover, the State agrees that Hernandez is entitled to time credit as requested in the mandamus
petition. We therefore sustain the sole issue presented in Hernandez's petition and conditionally
grant relief. The trial court is directed to enter a judgment nunc pro tunc awarding Hernandez credit
for time served from 12/20/2006 to 12/22/2006 and 3/14/2008 to 6/13/2008. A writ will issue only
in the event the trial court fails to enter the judgment.


July 15, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)