COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

§

IN RE:  JOE HERNANDEZ,                                          No. 08-09-00146-CR

§

Relator.                                          AN ORIGINAL PROCEEDING

§

IN MANDAMUS

§

## MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS

Joe Hernandez seeks the issuance of a writ of mandamus against the Honorable Kathleen H. Olivares, Judge of the 205th District Court of El Paso County, Texas, to compel her to enter a judgment *nunc pro tunc* awarding Hernandez his full time credit for time served.  We conditionally grant relief.

On April 7, 2007, Hernandez was convicted of violating a protective order in cause number 20070D000183.  His punishment was assessed at a $3,000 fine and imprisonment for ten years, probated for ten years.  On June 13, 2008, the trial court revoked the community supervision order and assessed punishment at imprisonment for two years.  The judgment gives Hernandez time credit for the following periods:  12/21/2006 to 12/22/2006; 3/14/2008 to 4/3/2008; and 4/28/2008 to 6/13/2008.  The plea agreement reflects that Hernandez would plead true and punishment would be assessed at imprisonment for two years and "CFTS," which the parties agree means "credit for time served."  Hernandez filed a motion for judgment *nunc pro tunc* seeking to be given credit for the following time periods:  12/20/2006 to 12/22/2006 and 3/14/2008 to 6/13/2008.  Hernandez supported his motion with documentation showing that he was in jail on these dates.  The trial court

denied the motion on the ground that Hernandez and his attorney waived credit as part of the plea bargain. Hernandez filed a petition seeking mandamus relief to compel the trial court to award him credit for time served.

Mandamus relief will be granted only if the relator establishes that the act sought to be compelled is purely "ministerial" and the relator has not adequate legal remedy. *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex.Crim.App. 2004)(orig. proceeding). Under the first part of the standard, the relator must have "a clear right to the relief sought" meaning that the relief sought must be "clear and indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discretion or judgment." *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003)(orig. proceeding), *quoting Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927-28 (Tex.Crim.App. 2001)(orig. proceeding). Mandamus does not lie to correct a trial court's ruling on an "unsettled or uncertain" question of law. *Poe*, 98 S.W.3d at 194.

In all criminal cases, the judge of the convicting court is required to give the defendant credit on his sentence for the time the defendant has spent in jail in the cause from the time of his arrest and confinement until the time he is sentenced. TEX.CODE CRIM.PROC.ANN. art. 42.03, § 2(a)(1) (Vernon Supp. 2008). The record does not support the trial court's conclusion that the plea bargain included a waiver of Hernandez's right to time credit in exchange for the two year sentence. Moreover, the State agrees that Hernandez is entitled to time credit as requested in the mandamus petition. We therefore sustain the sole issue presented in Hernandez's petition and conditionally grant relief. The trial court is directed to enter a judgment *nunc pro tunc* awarding Hernandez credit for time served from 12/20/2006 to 12/22/2006 and 3/14/2008 to 6/13/2008. A writ will issue only in the event the trial court fails to enter the judgment.

July 15, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)