Petition for Writ of Mandamus Denied and Memorandum
Opinion filed August 6, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00627-CR

____________

 

IN RE LAWRENCE MCQUEEN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








On July 16, 2009, relator, Lawrence McQueen, filed a petition
for writ of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator states that he has filed a
motion, and supplemental motion, to recuse the Honorable Debbie Mantooth
Stricklin, presiding judge of the 180th District Court of Harris County, from
his habeas corpus proceeding.  Relator complains that Judge Stricklin has
neither ruled on his motions to recuse nor referred them to another judge for a
ruling pursuant to Rule 18a of the Texas Rules of Civil Procedure.  See
Tex. R. Civ. P. 18a.[1]  Therefore,
relator requests that we compel Judge Stricklin to either rule on his motions
to recuse or to refer them to another judge for a ruling.  

Relator=s petition does not comply with the Texas Rules of Appellate
Procedure.  Relator has not provided a sworn or certified record with his
petition, including his motions to recuse.  See Tex. R. App. P.
52.7(a)(1) (requiring relator to file certified or sworn copy of every document
that is material to his claim for relief).  Relator further has not filed an
affidavit of indigence with his petition as required by Rule 20.1.  See
Tex. R. App. P. 20.1; see also In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.CEl Paso 2001, orig. proceeding)
(stating that appellate court will not consider petition without affidavit of
indigence). 

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.  

 

PER CURIAM

 

Panel
consists of Justices Seymore, Brown, and Sullivan.

Do Not
PublishCTex. R. App. P. 47.2(b).









           [1] 
Rule 18a=s procedures for recusal of judges apply in criminal
cases.  De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).  AWhen a recusal motion is timely filed, Rule 18a leaves
a trial judge with no discretionCthe
trial judge must either recuse himself or refer the motion for another judge to
decide.@  Id.