**Opinion filed April 19, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00099-CR
_____

## IN RE DAVID BOWERS

**Original Mandamus Proceeding**

## MEMORANDUM OPINION

Relator, David Bowers, has filed a petition for writ of mandamus seeking an order from this court compelling the district judge of the 259th District Court of Jones County to institute a "court of inquiry" pursuant to TEX. CODE CRIM. PROC. ANN. art. 52.01 (West 2006). We deny the petition for writ of mandamus.

In order to obtain mandamus relief in a criminal setting, the Court of Criminal Appeals requires the relator to establish that (1) he has no adequate remedy at law to redress his alleged harm and (2) the act that he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (citing *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)). Article 52.01(a) provides as follows with respect to the institution of a court of inquiry:

> When a judge of any district court of this state, acting in his capacity as magistrate, has probable cause to believe that an offense has been committed against the laws of this state, he **may** request that the presiding judge of the

administrative judicial district appoint a district judge to commence a Court of Inquiry (emphasis added). . . .

Thus, the statute allows a district judge to request the appointment of another judge to conduct a court of inquiry if the judge finds that probable cause exists to believe an offense has been committed. As set forth above, the law does not require the judge to request a court of inquiry if he finds that probable cause of an offense exists. Instead, the judge's decision to request a court of inquiry is discretionary. Accordingly, relator is not entitled to mandamus relief because he is seeking an order from this court compelling a discretionary act on the part of the district judge.

Relator's petition for writ of mandamus is denied.

PER CURIAM

April 19, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.