Opinion filed April 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00099-CR

                                                     __________

 

                                         IN
RE DAVID BOWERS

 



 

                                         Original
Mandamus Proceeding

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Relator, David Bowers, has filed a petition for writ of mandamus seeking an order from
this court compelling the district judge of the 259th District Court of Jones
County to institute a “court of inquiry” pursuant to Tex. Code Crim. Proc. Ann. art. 52.01 (West 2006).  We deny
the petition for writ of mandamus.

In order to obtain mandamus relief in a criminal setting, the Court of Criminal
Appeals requires the relator to establish that (1) he has no adequate remedy at
law to redress his alleged harm and (2) the act that he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana, 236 S.W.3d
207, 210 (Tex. Crim. App. 2007) (citing De Leon v. Aguilar, 127 S.W.3d
1, 5 (Tex. Crim. App. 2004)).  Article 52.01(a) provides as follows with
respect to the institution of a court of inquiry:

            When a judge of any district court of this state, acting in his capacity as
magistrate, has probable cause to believe that an offense has been committed
against the laws of this state, he may request that the presiding judge
of the administrative judicial district appoint a district judge to commence a
Court of Inquiry (emphasis added). . . .

 

Thus, the statute allows a district judge to request the
appointment of another judge to conduct a court of inquiry if the judge finds
that probable cause exists to believe an offense has been committed.  As set
forth above, the law does not require the judge to request a court of inquiry
if he finds that probable cause of an offense exists.  Instead, the judge’s
decision to request a court of inquiry is discretionary.  Accordingly, relator
is not entitled to mandamus relief because he is seeking an order from this
court compelling a discretionary act on the part of the district judge.              Relator’s
petition for writ of mandamus is denied.

 

                                                                                                PER
CURIAM

 

                                                                                                

April 19, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.