

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00076-CR
_____

MUQTASID ABDUL QADIR, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 0591998D

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Muqtasid Abdul Qadir attempts to appeal from the February 19, 2020 order signed by Judge David L. Evans, Presiding Judge of the Eighth Administrative Judicial Region of Texas, denying Appellant's motion to recuse the trial judge.[1] On April 8, 2020, we notified Appellant of our concern that we lack jurisdiction over the appeal because the stand-alone interlocutory order denying the recusal motion is not appealable. *See, e.g.*, *Fineberg v. State*, No. 05-20-00163-CR, 2020 WL 2110667, at *4 (Tex. App.—Dallas May 4, 2020, no pet.) (mem. op., not designated for publication); *Mediano v. State*, No. 03-20-00176-CR, 2020 WL 1792218, at *1 (Tex. App.—Austin Apr. 9, 2020, no pet.) (mem. op., not designated for publication). We stated that unless Appellant or any party filed a response showing grounds for continuing the appeal on or before Monday, April 20, 2020, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Appellant has not filed a response.

Appellate courts lack jurisdiction to review interlocutory orders absent express statutory authorization. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Mediano*, 2020 WL 1792218, at *1. No statute authorizes an appeal from a stand-alone order denying a motion to recuse. *Fineberg*, 2020 WL 2110667, at *4.

---

[1]More than twenty years ago, Appellant was convicted of murdering his girlfriend. In March 2020, this court affirmed the September 4, 2019 denial of his fourth motion for postconviction DNA testing. *See Qadir v. State*, No. 02-19-00377-CR, 2020 WL 1174000, at *1 (Tex. App.—Fort Worth Mar. 12, 2020, pet. ref'd) (mem. op., not designated for publication).

Further, Rule of Civil Procedure 18a, which applies in criminal cases, *DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding), indicates that interlocutory appeals from orders denying recusal are not allowed. Specifically, Rule 18a(j)(1)(A) provides that "[a]n order denying a motion to recuse may be reviewed *only* for abuse of discretion *on appeal from the final judgment*." Tex. R. Civ. P. 18a(j)(1)(A) (emphases added); *see Green v. State*, 374 S.W.3d 434, 446 (Tex. Crim. App. 2012) (dismissing appeal from order denying recusal of trial judge who determined defendant's competency to be executed and holding that order denying recusal could be reviewed only on appeal from final judgment determining competency). Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  September 10, 2020

3