

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00049-CR

———————————————————

RUSSELL JAY REGER, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 0579930D

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

Appellant Russell Jay Reger attempts to appeal from an April 22, 2021 order, signed by the Presiding Judge sitting by assignment, denying Reger's motion to recuse the trial judge.[1] On May 14, 2021, we notified Reger by letter of our concern that we lack jurisdiction over the appeal because the stand-alone interlocutory order denying the recusal motion is not appealable. *See, e.g., Fineberg v. State*, No. 05-20-00163-CR, 2020 WL 2110667, at *4 (Tex. App.—Dallas May 4, 2020, no pet.) (mem. op., not designated for publication); *Mediano v. State*, No. 03-20-00176-CR, 2020 WL 1792218, at *1 (Tex. App.—Austin Apr. 9, 2020, pet. ref'd) (mem. op., not designated for publication). In the letter, we stated that unless Reger or any party filed a response showing grounds for continuing the appeal on or before Tuesday, May 25, 2021, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Reger has filed a response, but the response does not show grounds for continuing the appeal.

Appellate courts lack jurisdiction to review interlocutory orders absent express statutory authorization. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *Mediano*, 2020 WL 1792218, at *1. No statute authorizes an appeal from a stand-alone order denying a motion to recuse. *Fineberg*, 2020 WL 2110667, at *4.

---

[1]In 1996, a jury convicted Reger of murder, the trial court sentenced him to life in prison, and we affirmed his conviction on direct appeal. *See Reger v. State*, No. 02-96-00217-CR (Tex. App.—Fort Worth July 31, 1997, pet. ref'd) (not designated for publication).

Further, Texas Rule of Civil Procedure 18a, which applies in criminal cases, indicates that interlocutory appeals from orders denying recusal are not allowed. Tex. R. Civ. P. 18a; *DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding). Specifically, Rule 18a(j)(1)(A) provides that "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion *on appeal from the final judgment*." Tex. R. Civ. P. 18a(j)(1)(A) (emphases added); *see Green v. State*, 374 S.W.3d 434, 446 (Tex. Crim. App. 2012) (dismissing appeal from order denying recusal of trial judge who determined defendant's competency to be executed and holding that order denying recusal could be reviewed only on appeal from final judgment determining competency). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 24, 2021