# NO. 12-21-00178-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ZACHARY BROOKS,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Zachary Brooks appeals from a September 16, 2021, order denying his motion to disqualify the trial court judge. His sentence was originally imposed on May 26, 2015.

On October 12, 2021, the Clerk of this Court notified Appellant that the notice of appeal does not show the jurisdiction of this Court, i.e., the order being appealed is not an appealable order. The notice further advised that the appeal would be dismissed unless the notice of appeal was amended on or before November 12, 2021 to show this Court's jurisdiction. Appellant filed an amended notice of appeal, stating his "intent to appeal by Mandamus Application for Appeal" to this Court on the denial of the motion to disqualify, "an appeal from a judgement [sic] made on September 16th, 2021."

An order granting or denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law. TEX. R. CIV. P. 18a(j)(2); *see **DeLeon v. Aguilar**,* 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding) (applying Rule 18a to criminal cases). Appellant has not filed a petition for writ of mandamus with this Court and his use of the term "mandamus" in his notice of appeal and amended notice of appeal is not tantamount to filing a mandamus petition. *See* TEX. R. APP. P. 52.1 ("An original appellate proceeding seeking extraordinary relief--such as a writ of habeas corpus, *mandamus*, prohibition, injunction, or quo warranto--*is commenced by filing a petition* with the clerk of the appropriate appellate court.")

(emphasis added); *see also* TEX. R. APP. P. 52.3 (form and contents of petition); ***Fineberg v. State***, No. 05-20-00163-CR, 2020 WL 2110667, at \*4 (Tex. App.—Dallas May 4, 2020, no pet.) (mem. op., not designated for publication) (rejecting request to treat notice of appeal as mandamus petition; two-page notice did not meet requirements of Rule 52).

Moreover, Appellant did not timely appeal his conviction. In a criminal case, the appellant perfects an appeal by timely filing a sufficient notice of appeal. TEX. R. APP. P. 25.2(b). The notice of appeal must be filed (1) within thirty days after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order, or (2) within ninety days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). Here, Appellant filed his notice of appeal on October 12, 2021, long after the time expired for filing a notice of appeal from his conviction. Accordingly, the denial of the motion to disqualify is not before this Court in a timely appeal from a final judgment. *See **Fineberg***, 2020 WL 2110667, at \*4 (postconviction orders denying motions to disqualify district attorney's office and recuse trial judge were interlocutory; although 2016 conviction was final, appellant did not timely appeal and because there was no final judgment over which appellate court had jurisdiction, it could not consider denials of motions); *see also **Hauk v. State***, No. 10-18-00200-CR, 2018 WL 5849778, at \*1 (Tex. App.—Waco Nov. 7, 2018, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction where appellant did not seek review of post-conviction written order denying motion for disqualification and recusal of trial judge in an appeal from final judgment of conviction and sentence but sought review of post-conviction written order denying motion for disqualification and recusal in a direct appeal from order itself). And "[t]here is no 'other law' allowing an interlocutory appeal of an order denying a motion to disqualify in a criminal case." ***Muhammad v. State***, No. 08-18-00125-CR, 2018 WL 3751742, at \*1 (Tex. App.—El Paso Aug. 8, 2018, pet. ref'd) (mem. op., not designated for publication).

Accordingly, because an interlocutory appeal of the order denying Appellant's motion to disqualify is not authorized and the motion is not being appealed as part of a timely appeal from a final judgment of conviction, we conclude that we lack jurisdiction to consider this appeal. See TEX. R. APP. P. 43.2(f). We ***dismiss*** the appeal for ***want of jurisdiction***.

Opinion delivered November 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 10, 2021**

**NO. 12-21-00178-CR**

**ZACHARY BROOKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1420571-A)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*