# NO. 12-21-00172-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN DOUGLAS BIRCHFIELD, APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Steven Douglas Birchfield appeals from a September 16, 2021, order denying his motion to disqualify the trial court judge. The notice states Appellant's intent to appeal by "Mandamus Application." The underlying case appears to remain pending in the trial court.

On October 6, 2021, the Clerk of this Court notified Appellant that the notice of appeal does not show the jurisdiction of this Court, i.e., the order being appealed is not an appealable order. The notice further advised that the appeal would be dismissed unless the notice of appeal was amended on or before November 5, 2021 to show this Court's jurisdiction. Appellant did not file an amended notice of appeal or otherwise respond to this Court's notice.

An order granting or denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law. TEX. R. CIV. P. 18a(j)(2); *see* **DeLeon v. Aguilar**, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding) (applying Rule 18a to criminal cases). Appellant has not filed a petition for writ of mandamus with this Court and his use of the term "mandamus" in his notice of appeal is not tantamount to filing a mandamus petition. *See* TEX. R. APP. P. 52.1 ("An original appellate proceeding seeking extraordinary relief--such as a writ of habeas corpus, *mandamus*, prohibition, injunction, or quo warranto--*is commenced by filing a petition* with the clerk of the appropriate appellate court.") (emphasis added); *see also* TEX. R. APP. P. 52.3 (form and contents of petition); **Fineberg v. State**, No. 05-

20-00163-CR, 2020 WL 2110667, at \*4 (Tex. App.—Dallas May 4, 2020, no pet.) (mem. op., not designated for publication) (rejecting request to treat notice of appeal as mandamus petition; two-page notice did not meet requirements of Rule 52).   And "[t]here is no 'other law' allowing an interlocutory appeal of an order denying a motion to disqualify in a criminal case." *Muhammad v. State*, No. 08-18-00125-CR, 2018 WL 3751742, at \*1 (Tex. App.—El Paso Aug. 8, 2018, pet. ref'd) (mem. op., not designated for publication).

Accordingly, because an interlocutory appeal of the order denying Appellant's motion to disqualify is not authorized, we conclude that we lack jurisdiction to consider this appeal.  See TEX. R. APP. P. 43.2(f).  We ***dismiss*** the appeal for ***want of jurisdiction***.

Opinion delivered November 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 10, 2021**

**NO. 12-21-00172-CR**

**STEVEN DOUGLAS BIRCHFIELD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. C2036245)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*