# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00286-CR

**Tamir Abdullah, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 21DCR84869, THE HONORABLE STEVEN J. DUSKIE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Tamir Abdullah, acting pro se, filed a notice of appeal complaining of pretrial rulings denying his motion to dismiss, motion to suppress evidence, motion for bail reduction, motion for discovery, and motion to recuse or disqualify the district court judge. The record contains no orders on these motions, except as to the motion to recuse or disqualify.

In criminal cases, we have jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (affirming dismissal for lack of jurisdiction because record contained no written order from which defendant could appeal). Without a written order signed by the trial court ruling on Abdullah's motions seeking dismissal, suppression of evidence, bail reduction, and discovery, there is no appealable order. *See id.*

Additionally, we lack jurisdiction to consider Abdullah's appeal from the order denying his motion to recuse or disqualify the district court judge. An order denying a motion to

recuse is reviewable only on appeal from a final judgment. Tex. R. Civ. P. 18a(j)(1)(A). There is no final judgment of conviction in this record. Without a timely appeal from a final conviction in a criminal case, we lack jurisdiction over a stand-alone order denying a motion to recuse. *See Green v. State*, 374 S.W.3d 434, 445-46 (Tex. Crim. App. 2012).

An order on a motion to disqualify "may be reviewed by mandamus and may be appealed in accordance with other law." Tex. R. Civ. P. 18a(j)(2); *see DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding) (applying Rule 18a to criminal cases). In criminal cases, "[j]urisdiction must be expressly given to the courts of appeals in a statute" thus, "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). There is neither a mandamus petition before us nor any statutory authorization for an interlocutory appeal of an order denying a motion to disqualify in a criminal case.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: July 29, 2022

Do Not Publish