

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00086-CR

_____

DAMARIS PLAISANT MCCALLEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 4
Denton County, Texas
Trial Court No. CR-2022-02247-A

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Damaris Plaisant McCalley attempts to appeal from the order denying her motion to recuse the trial-court judge signed by the Presiding Judge of the Eighth Administrative Judicial Region. *See generally* Tex. R. Civ. P. 18a, 18b.[1] We wrote to McCalley to notify her of our concern that we lacked jurisdiction over her appeal because in criminal cases, our jurisdiction is generally limited to cases in which the trial court has signed a conviction judgment. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). We further explained that an interlocutory order denying a recusal motion is not immediately appealable. *See, e.g.*, *Reger v. State*, No. 02-21-00049-CR, 2021 WL 2586619, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op., not designated for publication). We warned McCalley that unless she or any party filed a response within ten days showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f), 44.3.

Ten days have passed, and we have not received a response. Because an order denying a recusal motion is not an appealable interlocutory order and the trial court has not yet signed a conviction judgment, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); Tex. R. Civ. P. 18a(j)(1)(A) ("An order

---

[1]"The procedures for recusal of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal cases." *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding).

denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."); *see also Reger*, 2021 WL 2586619, at \*1; *cf. Green v. State*, 374 S.W.3d 434, 445–46 (Tex. Crim. App. 2012) (dismissing appeal from order denying motion to recuse trial-court judge who had determined defendant's competency to be executed and holding that order could be reviewed only on appeal from final judgment determining competency).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 15, 2023