

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00156-CR

James **STRIBLIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR8935
Honorable Jefferson Moore, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Irene Rios, Justice
        Beth Watkins, Justice
        Liza A. Rodriguez, Justice

Delivered and Filed: March 13, 2024

AFFIRMED

Appellant James Striblin challenges the trial court's order denying his motion for post-conviction DNA testing. We affirm the trial court's order.

### BACKGROUND

Striblin was convicted of murder on December 7, 2017, and we affirmed his conviction in 2019. *See Striblin v. State*, No. 04-17-00826-CR, 2019 WL 1049233, at *1 (Tex. App.—San Antonio Mar. 6, 2019, pet. ref'd) (mem. op., not designated for publication). After we affirmed his

conviction, Striblin filed at least two motions to recuse the Honorable Jefferson Moore, the judge who had presided over his trial, from hearing his post-conviction motions.

On April 23, 2020, Striblin filed a motion for post-conviction DNA testing. On February 11, 2022, Judge Moore signed an order denying Striblin's motion for DNA testing. Striblin then timely filed this appeal.

### ANALYSIS

In his sole issue on appeal, Striblin argues Judge Moore's February 11, 2022 order denying his motion for DNA testing is void because Judge Moore recused himself on December 3, 2021. An appellant's brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Here, Striblin cites no portion of the record to support his assertion that Judge Moore recused himself. Because Striblin failed to adequately brief this issue, he has waived it. *See, e.g.*, *Crawford v. State*, 595 S.W.3d 792, 801 (Tex. App.—San Antonio 2019, pet. ref'd); *State v. Villegas*, 506 S.W.3d 717, 748 (Tex. App.—El Paso 2016, pet. dism'd).

Moreover, even if we assume Striblin adequately briefed this issue, the record does not support it. As the State notes, the record contains no indication that Judge Moore recused himself. Instead, the record shows that on December 3, 2021, Judge Moore *declined* to recuse himself and requested the assignment of a different judge to hear Striblin's recusal motions "pursuant to Rule 18a of the Texas Rules of Civil Procedure." *See* TEX. R. CIV. P. 18a(f)(1) (when recusal motion is filed, respondent judge must either voluntarily recuse or request assignment of another judge to hear the motion); *see also De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding) ("The procedures for recusal of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal cases."). The assigned judge, the Honorable Sid L. Harle, denied Striblin's motions to recuse Judge Moore on December 29, 2021. Judge Harle's order specifically

notes, "Judge Moore declined to voluntarily recuse himself." Accordingly, the record does not support Striblin's contention that Judge Moore recused himself before he signed the order denying Striblin's request for DNA testing. *See Rodriguez v. State*, 459 S.W.3d 184, 195 (Tex. App.—Amarillo 2015, pet. ref'd) (overruling argument that was contrary to record). Because Striblin does not present any further arguments to support his contention that the challenged order is void or otherwise constitutes reversible error, we overrule his sole issue. *See id.*

## CONCLUSION

We affirm the trial court's order.

Beth Watkins, Justice

DO NOT PUBLISH