

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00214-CR

———————————————

JACKIE LEE BIBBS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1160104D

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Jackie Lee Bibbs attempts to appeal from an interlocutory order denying his motion to recuse the trial court judge.[1] But "an interlocutory order denying a recusal motion is not immediately appealable." *McCalley v. State*, No. 02-23-00086-CR, 2023 WL 4008680, at *1 (Tex. App.—Fort Worth June 15, 2023, no pet.) (mem. op., not designated for publication); *see Reger v. State*, No. 02-21-00049-CR, 2021 WL 2586619, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op., not designated for publication); *Qadir v. State*, No. 02-20-00076-CR, 2020 WL 5414972, at *1 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.) (per curiam) (mem. op., not designated for publication). And the trial court clerk has informed us that no final judgment has been signed. *See* Tex. R. Civ. P. 18a(j)(1)(A) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding) ("The procedures for recusal of judges set out in Rule 18a of the Texas Rules of Civil Procedure apply in criminal cases.").

Because a final judgment or appealable order is necessary for this court to obtain jurisdiction, *see McCalley*, 2023 WL 4008680, at *1; *Reger*, 2021 WL 2586619, at *1, we notified Appellant of our concern that his appeal was premature. *See* Tex. R.

---

[1]Appellant appears to have filed a postconviction writ of habeas corpus alleging actual innocence and, to that end, has attempted to recuse the trial judge, who also presided over Appellant's trial.

App. P. 26.2(a), 27.1(b). We warned that we would dismiss the appeal for want of jurisdiction unless, within ten days, he furnished this court with a signed copy of a final judgment or an appealable order. *See* Tex. R. App. P. 44.3. More than twenty days have passed, and we have not received a response.

Accordingly, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 43.2(f); *see McCalley*, 2023 WL 4008680, at *1 (dismissing for want of jurisdiction when defendant attempted interlocutory appeal from denial of recusal motion); *Reger*, 2021 WL 2586619, at *1 (similar); *Qadir*, 2020 WL 5414972, at *1 (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 1, 2024