

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00206-CV

_____

IN THE INTEREST OF A.R., A CHILD

_____

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 15-08449-211

_____

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Father,[1] proceeding pro se, attempts to appeal (1) the trial court's temporary orders in the underlying suit affecting the parent–child relationship, (2) "[t]he vacatur of [Father's] previously signed proposed temporary orders," (3) "[t]he denial of [Father's] Motion for Judgment Nunc Pro Tunc," and (4) the trial court's "Order Denying Motion for Recusal of Trial Judge." We dismiss the appeal for want of jurisdiction, treat the appeal as a petition for writ of mandamus at Father's request, and deny his mandamus petition.

## I. Appellate Jurisdiction

Generally, appeals may be taken only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing appealable interlocutory orders). Without a final judgment or an appealable interlocutory order, we lack jurisdiction over the appeal, and we must dismiss it. *See Lehmann*, 39 S.W.3d at 195, 200.

The orders from which Father attempts to appeal are neither final judgments nor appealable interlocutory orders. Temporary orders entered in a suit affecting the parent–child relationship are not appealable interlocutory orders. Tex. Fam. Code Ann. § 105.001(e); *see In re K.S.*, No. 02-20-00409-CV, 2021 WL 126596, at *1 (Tex.

---

[1]In suits affecting the parent–child relationship, we use initials or aliases for the names of the children and their parents. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

App.—Fort Worth Jan. 14, 2021, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction because temporary orders entered in suit affecting parent–child relationship not immediately appealable). An order denying a motion for judgment nunc pro tunc is not appealable.[2] *See Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.) ("We do not have appellate jurisdiction of the denial of a motion for judgment nunc pro tunc."). An order denying a motion to recuse is not an appealable interlocutory order. *Hawkins v. Walker*, 233 S.W.3d 380, 401 (Tex. App.—Fort Worth 2007, no pet.); *see* Tex. R. Civ. P. 18a(j)(1)(A) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment.").

We notified Father that we questioned our jurisdiction over this appeal because none of the orders from which he attempts to appeal appear to be a final judgment or an appealable interlocutory order. We warned Father that unless he filed a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Father filed a response, but it does not show adequate grounds for continuing the appeal.

---

[2]Even if it were appealable, here, the trial court clerk informed us that the trial judge has not signed an order on Father's motion for judgment nunc pro tunc. *See* Tex. R. App. P. 26.1, 27.1(a).

## II. Petition for Writ of Mandamus

In his response to our jurisdiction inquiry, Father requests, in the event we determine that the orders are not directly appealable, that we treat his appeal as a petition for writ of mandamus.

In certain circumstances, we may exercise our mandamus jurisdiction when an appellant specifically requests that we treat his improper appeal as a petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011) (construing impermissible interlocutory appeal as mandamus proceeding upon appellant's request and remanding to court of appeals for consideration as such); *see also De Leon v. Aguilar*, 127 S.W.3d 1, 6 (Tex. Crim. App. 2004) (orig. proceeding) (reaffirming general rule that mandamus is not appropriate remedy for complaining party on recusal motion); *In re J.W.L.*, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding) (noting mandamus is appropriate remedy to challenge temporary orders in suit affecting parent–child relationship); *Castor*, 205 S.W.3d at 667 ("The appropriate remedy to obtain review of the denial of a nunc pro tunc motion is by a petition for writ of mandamus.").

Here, in the interest of judicial economy and to the extent that mandamus is the appropriate remedy, we will consider the documents filed in this appeal as a petition for writ of mandamus. *See Rylander v. Archer Sys. LLC*, No. 01-25-00185-CV, 2025 WL 1460733, at *2 (Tex. App.—Houston [1st Dist.] May 22, 2025, orig. proceeding) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction and

considering appeal as petition for writ of mandamus at appellant's request); *Ex parte Valencia*, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio Apr. 17, 2024, orig. proceeding) (similar). Treating this appeal as a mandamus proceeding, we deny Father's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a), (d).

## III. Conclusion

Because the orders from which Father attempts to appeal are neither final judgments nor appealable interlocutory orders, we lack jurisdiction over this appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). Treating the appeal as a petition for writ of mandamus, as requested by Father, we deny his petition. All pending motions are denied.

Per Curiam

Delivered: June 12, 2025